## ANCEL CROCKETT V. THE STATE.

No. 16956.   Delivered October 24, 1934.
Reported in 75 S. W. (2d) 454.

The opinion states the case.

*H. S. Beard,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of injuring a railroad, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The record before us discloses that on the 4th day of July, 1933, a bridge of the Texas and New Orleans Railroad Company situated below the town of Chilton was set on fire. The fire was discovered and extinguished but not until seven or eight cross ties had been burned to the extent that the spikes could be pulled out with the hand. The State's testimony further shows that if six or seven ties on the railroad are burned to where the spikes which hold the rails in place could be lifted out with the hand and while in such a condition a train should run over it, it would likely cause the rails to spread and cause the engine to derail and turn over. The appellant made a confession to the district attorney of Falls County, which is in substance as follows: "In the summer time Frank Beard and I burned a bridge near Chilton over a creek. It was a railroad bridge. We went down there in Frank's car. I got out and Frank went on down the road toward Lott. He came back before I had fixed the fire and drove on up toward Waco, and I had fixed the fire so that the bridge would burn by the time he came back. This was a delayed fire. I used a candle and fixed it so that it would ignite the kerosene I poured on the

bridge later. We went from the bridge to Lott, then to Marlin and back to Waco. I left a note at the Chilton fire. It was tied on a wire of the fence with a tobacco string. Sonnie Mosley was the first man that ever talked to me about burning bridges. He said we could make some money out of it."

The note tied to the fence with a string from a tobacco sack was found by Wesley Maxwell tied to the fence where appellant said he placed it.

The only complaint the appellant makes is to the introduction in evidence of his confession, contending that the confession was obtained by force and under duress, and in support of his contention he introduced one witness who testified as follows: "My name is A. D. Foster. I was confined in jail in September last year for the offense of gaming. I recall having seen Ancel Crockett in jail at that time. He was taken out of jail that night about 11 o'clock and I next saw him at about 3 o'clock in the morning. When he left the jail that night he did not have any marks or bruises. When he returned he did have. He was bruised on the face and had a black eye and his right ear was bruised. There was no light in the cell. All the light that I saw came from outside the cell, the south side. The light, I judge, was three feet from the cell. There were several in there beside me but I do not recall who they were."

The officers who arrested the appellant and who escorted him from the jail to the courthouse denied that they in any way mistreated, abused, coerced, or forced the appellant to make a confession, but that he made the same freely and voluntarily. Under said state of facts it became a question of fact for the jury to determine whether the confession was freely and voluntarily made. The court instructed the jury on that phase of the case as follows: "The State introduced in evidence what purports to be a signed confession of the defendant in this case. You are instructed that such statements in order to be admissible against the defendant must have been freely and voluntarily made. Unless you believe the statement introduced was freely and voluntarily made by the defendant, or if you have a reasonable doubt about this, you will not consider the same for any purpose."

We have reached the conclusion that under the instructions of the court and the controverted issue of fact thus raised by the testimony, the jury were justified in finding that the confession was freely and voluntarily made, and having so found, this court is not authorized to disturb their finding.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.